Henry Epstein, J.
All of the individual defendants, by separate motions, move for dismissal of the amended complaint for insufficiency. If any of the four stated causes is sufficient, the motions must be denied.
The first two causes rely upon two original agreements, each dated November 11, 1955, and upon two further agreements, each dated September 8, 1956, and one of which the plaintiff denominated an executory accord and which the Appellate Division found to be an absolute release. In the present first cause, after alleging upon the first two agreements, the perform *312 anee thereof, and consequent indebtedness incurred in favor of plaintiff, it is alleged that the second two agreements were made as the result of fraud and deceit. The claimed misrepresentations relate to the stated facts that properly chargeable disbursements had been incurred which would largely consume the profits to be realized and that defendants intended to keep the defendant corporation in funds sufficient to pay to the plaintiff a stated sum timely, voluntarily and without imposing on the plaintiff further delays and the necessity of legal expense or litigation. On the contrary, it is alleged the defendants did not incur properly chargeable disbursements and did not intend to keep the defendant corporation in funds sufficient to make payments to the plaintiff pursuant to the second of the first two agreements, but intended to distribute immediately to the individual defendants and particularly to one of them, a citizen of Venezuela, virtually all of the available funds of the defendant corporation, leaving it without sufficient funds to make the prescribed payment to the plaintiff promptly or at all. Thus, a sufficient cause in deceit, not included in the original complaint, is here set forth within the permission to amend as granted by the Appellate Division. (Blair & Co. v. Otto, V, 5 A D 2d 276.)
The second cause of action resting on the same documents proceeds upon the theory that the second two agreements were conditionally executed in that the parties agreed that time of performance by the defendants was of the essence, that payment would be made voluntarily without delay and without imposing on the plaintiff the necessity of legal expense or litigation, and that otherwise plaintiff should be restored to and retain its rights and claims under the first of the first two agreements, that timely payment was a condition of plaintiff’s waiver of such right and that if such payment was not made when due plaintiff’s waiver would be inoperative. To the extent the latter agreements, including the release, did not express this intent, the failure resulted from mutual mistake. Thus, a cause for reformation is stated, particularly in the light of the allegation relating to prior payments following delay and expense incurred.
The third and fourth causes newly alleged are said to be in quantum meruit. However, since they incorporate some of the allegations of the first cause, including the first two agreements relied on, recovery in quantum meruit is unavailable.
Since the motion is directed to the entire complaint and at least two causes are sufficient, the motions must be and they are denied.